# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISRICT OF TENNESSEE

| | |
|---|---|
| **DAVID CHASE** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.** _____ |
| ) | |
| **GLENN R. FUNK,** ) | |
| **KATRIN NOVAK MILLER, personally** ) | **JURY OF TWELVE DEMANDED** |
| **and in their individual capacity as** ) | |
| **officers of the Metropolitan** ) | |
| **Government of Nashville and Davidson** ) | |
| **County, Tennessee, and THE** ) | |
| **METROPOLITAN GOVERNMENT** ) | |
| **OF NASHVILLE AND DAVIDSON** ) | |
| **COUNTY, TENNESSEE;** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, David Chase ("Chase) by and through his undersigned counsel, and hereby re-files this Complaint against Defendants GLENN R. FUNK, KATRIN NOVAK MILLER, personally and in their individual capacity as officers of the Metropolitan Government of Nashville and Davidson County, Tennessee, and THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE; and states as follows:

### I.    PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff is an adult resident of the State of Tennessee.

2.    Upon information and belief, all individual defendants are adult residents of Davidson County, Tennessee, and all are and were at all times relevant, employed as the District Attorney General and as an Assistant District Attorney General with the Metropolitan Government of Nashville and Davidson County, (respectfully and collectively, the "Defendants" or "DA," and "ADA").

1

3.    Defendant The Metropolitan Government of Nashville and Davidson County ("Metro") is a consolidated municipal and county government of the State of Tennessee.

4.    This Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. 1331 as this action substantially arises under the Constitution and laws of the United States, including, but not limited to, Amendments IV, V, VI, and XIV of the U.S. Constitution, 42 U.S.C. 1983 and 42 U.S.C. 1988. Pursuant to 28 U.S.C. 1367, this Court may further exercise supplemental jurisdiction over the related causes of action arising under the Constitution and laws of the State of Tennessee and the common law of Tennessee, which claims and causes of action form part of the same case or controversy over which this Court has original jurisdiction pursuant to 28 U.S.C. 1331. Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. 1391, inasmuch as a substantial portion of the transactions and occurrences giving rise to this action occurred in Davidson County, Tennessee, and these Defendants reside and can be found in the Middle District.

## II. FACTUAL BACKGROUND

5.    This is a "companion case" to Case No. 3:15-cv-00631 against Police Officers of the Metropolitan Nashville Police Department, and Plaintiff would incorporate by specific reference and adopt the backgrounds facts as alleged therein, and which the current Defendants would have specific and detailed knowledge of.  That complaint is attached hereto as *Exhibit (1).*

6.    Mr. Chase was alleged to have physically assaulted a Ms. Lauren Bull on Sunday, June 08th, 2014.

7.    After multiple court appearances in the General Sessions Court for Davidson County, Mr. Chase's cases for Vandalism, Aggravated Assault, Domestic Assault, and interference with emergency call were bound over to the grand jury.

8.    On June 05th, 2015, Mr. Chase filed a Civil Rights violation Complaint against the officers

2

involved in this alleged assault.

9.      While the Lawsuit against police officers was pending until July 01st, 2016, Mr. Chase and his attorney presented continuous, multiple, and undeniable evidence that the alleged victim of the assault was lying, and had planned, and executed a conspiracy to extort millions of dollars from Mr. Chase.

10.     However, even after knowing, seeing, and hearing a litany of evidence that showed Ms. Lauren Bull was continuing to commit aggravated perjury and fraud upon the courts, The District Attorney, Glenn F. Funk and his Assistant District Attorney, Katrin Miller, refused to dismiss any charges against Mr. Chase.

*11.*    The details of any and all of the aforementioned are detailed in the Notice of Dismissal eventually filed by the State.  The Notice of Dismissal is attached hereto as *Exhibit (2).*

12.     Upon information and belief, the Defendants knew or were reckless, willful, and/ or malicious in in continuing to prosecute said charges that they knew were false and inaccurate.

13.     Upon information and belief, in addition to the aforesaid actual knowledge of the falsity of such charges, the Defendants willfully, maliciously, and intentionally or recklessly failed to perform any investigation to corroborate Bull's allegations or to exonerate Mr. Chase.

14.     Knowing that these were false allegations and certainly knowing that they absolutely lacked any lacking probable cause, and with knowledge that the charges were false or inaccurate, the Defendants improperly and unlawfully continued to prosecute Mr. Chase for these alleged crimes.

15.     Upon information and belief, the Defendants knew or were reckless in failing to discover that said charges were false and inaccurate, and it was left to the Plaintiff to do their job for them.

16.     Mr. Chase had, inter alia, the following clearly established rights at the time of the

3

complained of actions by the Defendants:

    a.    the right to be secure in his person and his Home from unreasonable entry, searches, and seizure under the Fourth Amendment;

    b.    the right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment;

    c.    the right not to be deprived of liberty without due process of law under the Fifth Amendment;

    d.    the right to exercise his constitutional rights of free speech under the First Amendment and his right to be free from unlawful entry, search, and seizure without retaliation under the Fourth and Fifth Amendment;

    e.    the right to be free from malicious prosecution under the Fourth and Fourteenth Amendments, and

    f.    The right to a fair and impartial jury under the Sixth Amendment.

17. At all times relevant, the Defendants were aware of or should have been aware of said rights.

18. The Defendants, acting in concert and under color of law, undertook and did in fact subject him to false and malicious prosecution.

19. Defendants, acting in concert and under color of law, further violated Mr. Chase's constitutional and other protected rights, including his aforesaid rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments, and under 42 U.S.C. 1983 and 1988, and under the Tennessee Constitution and state law.

20. Said actions were taken willfully, intentionally, maliciously, recklessly, or with conscious indifference.

4

21.     In addition, the Defendants were acting in furtherance of their employment by Metropolitan Government of Nashville and Davidson County, so as to give rise to respondeat superior, as may be permitted under law.

22.     Upon information and belief, Metro was aware of, or was reckless in ignoring, the falsity of Bull's allegations and approved of or acquiesced to the unlawful actions of the Defendants.

23.     Upon information and belief, the Defendants must lack adequate training with regards to their duties as Prosecuting Attorneys.

24.     Defendant Funk was, at all times relevant, policymaker for the Attorney General's Officer for Davidson County, Tennessee, and in that capacity established policies, procedures, customs, and/or practices for the same.

25.     Upon information and belief, Defendant Funk developed and maintained policies, procedures, customs, and practices exhibiting deliberate indifference to the constitutional rights of citizens. These policies, procedures, customs and practices proximately caused the violations of Mr. Chase's constitutional and federal rights as set forth herein and in the other claims. These policies, procedures, customs, and practices resulted in a conscious or deliberate choice to follow a course of action, from among various available alternatives.

26.     Upon further information and belief, Defendant Funk failed to properly train and/or supervise Defendant Miller and other employees in a manner amounting to its deliberate indifference to the constitutional rights of Mr. Chase and of the public.

27.     In light of the duties and responsibilities of those officers of the court that participate in prosecution of alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized

training and supervision is deliberately indifferent to those rights.

28. The deliberately indifferent training and supervision provided by Defendant Funk and Metro resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Metro and were moving forces in the constitutional and federal violation injuries to Mr. Chase.

29. As a direct and proximate result of all of Defendants' said acts and omissions as aforesaid, Chase has suffered damages to his person, his reputation, his business, and otherwise financially. In addition, Chase has suffered wrongful arrest, imprisonment, detention, prosecution, and embarrassment. Mr. Chase has further suffered special damages including attorneys' fees, expert fees, and costs of defending the false and malicious prosecution.

30. Even after being presented with undeniable and uncontroverted evidence of Ms. Bull's conspiracy and continued aggravated perjury, the Defendants refused to dismiss charges against Mr. Chase and vowed to continue to maliciously prosecute him unless he dismissed his civil rights lawsuit against the police officers involved in this matter.

31. Mr. Chase was faced with potential and further deprivation of his liberty, felony convictions, and a prison sentence if he did not dismiss his rightful claims against those officers involved.

32. Under duress, certainly not voluntarily, and literally facing a possible prison sentence, Mr. Chase was forced to dismiss his Federal Lawsuit.

COUNT I

(Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983)

(General Violation of Mr. Chase's Civil Rights)

33. Mr. Chase hereby reasserts the allegations contained in the preceding paragraphs of his Complaint.

34. In committing the acts complained of herein, Defendants acted under color of state law to deprive Mr. Chase of certain constitutionally protected rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States including, but not limited to:

   a. The right to be secure in his person and his Home, free from unreasonable entry, searches, and seizure under the Fourth Amendment;

   b. The right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment;

   c. The right not to be deprived of liberty without due process of law under the Fifth Amendment;

   d. The right to exercise his constitutional rights of free speech under the First Amendment and his right to be free from unlawful entry, search, and seizure without retaliation under the Fourth and Fifth Amendment;

   e. The right to be free from malicious prosecution under the Fourth and Fourteenth Amendments, and The right to a fair and impartial jury under the Sixth Amendment.

35. Defendants violated Mr. Chase's rights as set forth above and other rights that will be proven at trial. In so doing and at all times, Defendants acted under color of state law.

36. As a direct and proximate result of the violation of Mr. Chase's constitutional rights by the Defendants, Mr. Chase suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C §1983 and 1988.

7

37. The conduct of Defendants was willful, malicious, oppressive and/or reckless, or taken with deliberate indifference and was of such a nature that punitive damages should be imposed on the Defendant Officers in their individual capacities, in an amount commensurate with the wrongful acts alleged herein.

## COUNT II

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983

### (Failure to Implement Appropriate Policies, Customs and Practices)

38. Mr. Chase hereby reasserts the allegations contained in the preceding paragraphs of his Complaint.

39. Metro and Defendant Funk implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices.

40. The failure of Metro and Defendant Funk to adequately train and supervise its subordinates amounts to deliberate indifference to the rights of Mr. Chase to be free from violations of his Constitutional and other rights, as aforesaid, and from harm and injury.

41. The failure of Metro and Defendant Funk to adequately train and supervise the Defendant Miller, other Assistant District Attorneys and other employees amounts to deliberate indifference to the constitutional and other rights of Mr. Chase.

**42.** As a direct and proximate result of this deliberate indifference to Mr. Chase's rights, the Mr. Chase suffered general and special damages as stated herein, and is entitled to relief under 42 U.S.C. §1983 and 1988.

8

## COUNT III

### Tennessee Governmental Tort Liability Act Pursuant to T.C.A. §29-20-101/Tennessee Common Law

### (False Arrest and Imprisonment)

43.     Mr. Chase hereby reasserts the allegations contained in the preceding paragraphs of his Complaint.

44.     Mr. Chase avers that the Defendants breached a duty of care owed to him, so as not to deprive him of his personal liberty, by intentionally and maliciously continuing to prosecute the Plaintiff without probable cause, lawful justification, and due process of law.

45.     Mr. Chase avers that the Defendants, without probable cause, willfully, maliciously, and unlawfully seized, detained, restrained, and imprisoned him against his will through use of threats of continued malicious prosecution force for a period of several hours over two occasions.

46.     Mr. Chase avers that the Defendants are liable to him for false imprisonment.

47.     As a direct and proximate result of the willful, malicious and criminal false arrest and imprisonment by the Defendants in their individual capacity, Mr. Chase suffered general and special damages as stated herein.

### Count IV

### Tennessee Governmental Tort Liability Act Pursuant to T.C.A. §29-20-101/Tennessee Common Law

### (Defamation)

48.     Mr. Chase hereby re-states the preceding allegations of his Complaint.

49.     Defendants willfully and maliciously published false and defamatory statements concerning Chase, as aforesaid. Said defendants knew such statements were false at the time made or they made such statements with reckless disregard for their truth or with negligence in failing to

9

ascertain the truth of the statement.

50.    As a direct and proximate result thereof, Mr. Chase has suffered damages to his reputation, his business, and otherwise financially. In addition, Chase has suffered wrongful arrest, imprisonment, detention, prosecution, and embarrassment.

## COUNT V

### Tennessee Governmental Tort Liability Act Pursuant to T.C.A. §29-20-101/Tennessee Common Law

### (Negligence)

51.    Mr. Chase hereby re-states the preceding allegations of his Complaint.

52.    Defendants owed a duty of care to Mr. Chase in connection with their acts and omissions described herein.

53.    Defendants negligently, recklessly, knowingly, or intentionally breached said duty of care.

54.    As a direct and proximate result thereof, Mr. Chase has suffered general and special damages, including damages to his reputation, his business, and otherwise financially. In addition, Chase has suffered wrongful arrest, imprisonment, detention, prosecution, and embarrassment.

## COUNT VI

### Tennessee Governmental Tort Liability Act Pursuant to T.C.A. §29-20-101/Tennessee Common Law

### (Negligent Supervision)

55.    Mr. Chase hereby re-states the preceding allegations of his Complaint.

56.    Metro and Defendant Funk negligently directly and indirectly supervised the their Assistant District Attorney Generals and also failed to provide proper framing and outline proper procedure.

57.    In committing the aforementioned acts or omissions, Metro and Defendant Funk

10

negligently breached said duty.

58.   As a direct and proximate result, Mr. Chase has been damaged as alleged herein.

## COUNT VII

### Tennessee Governmental Tort Liability Act

### Pursuant to T.C.A. §29-20-101/Tennessee Common Law

### (Civil Conspiracy)

59.   Mr. Chase hereby re-states the preceding allegations of his Complaint.

60.   The Defendants acted with common design through a concert of action to carry out the aforesaid willful, malicious, criminal, and tortious acts and violations of Mr. Chase's rights.

61.   Each Defendant participated in the conspiracy, which conspiracy proximately and actually caused Mr. Chase general and special damages as aforesaid.

## AD DAMNUM

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Mr. Chase, prays for the following relief:

A.   That process issue and that Defendants be required to appear and answer this Complaint within the time prescribed to them by law;

B.   For judgment in his favor and against Defendants, jointly and severally, in an amount to be proven at trial;

C.   For punitive damages;

D.   For attorneys' fees and costs incurred in this matter, as may be recoverable; and

11

E. For a jury of 12 to decide all issues which may be determined by a jury; and

F. Such other and further relief as this Honorable Court deems just and appropriate.

Respectfully submitted,

John M. Boucher, Jr. (TN BPR# 022446)

713 Market Street, Suite 100

Knoxville, Tennessee 37902

Telephone:    (865) 321-8872

Facsimile:    (865) 321-8875

jmboucherlaw@gmail.com

Attorney for Plaintiff

12